IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAXWELL C. EZENWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-04-3379 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER

Pending before the Court is Defendant's Motion to Dismiss (Instrument No. 43). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

BACKGROUND

This case arises from the seizure of money and personal property owned by Plaintiff Maxwell C. Ezenwa ("Ezenwa") during a criminal investigation. Defendant United States ("Government") filed a complaint seeking the civil forfeiture of about $24,000 in three bank accounts held in Ezenwa's name. On October 19, 1999, following a one-day bench trial, United States District Judge Lee Rosenthal granted the forfeiture.[1] Subsequently, on May 29, 2001, proceeding *pro se*, Ezenwa filed a Motion

---

[1] The forfeiture occurred pursuant to the Controlled Substances Act, 21 U.S.C. §§ 881(a)(6) (1994). The United States Court of Appeals for the Fifth Circuit dismissed Ezenwa's appeal for want of prosecution. On January 25, 2000, Ezenwa pleaded guilty

for Return of Properties against Government in the United States Court of Federal Claims. Ezenwa asserted numerous constitutional, statutory and state claims, including trespass, unlawful search and seizure, wrongful forfeiture and improper exclusion of evidence. Ezenwa sought return of the forfeited money as well as the seized personal property, or alternatively, the monetary equivalent of the seized property.[2] Additionally, he sought to recoup costs of challenging and appealing the forfeiture and monetary damages for mental anguish.

The Federal Claims Court dismissed the majority of Ezenwa's claims based upon lack of subject matter jurisdiction primarily because he failed to pursue these claims in the forfeiture proceeding. Additionally, the court determined that Ezenwa's claims for monetary damages were barred by sovereign immunity. The claims court then transferred the only remaining claim–the return of Ezenwa's personal property or, alternatively, its monetary value–back to the Southern District of Texas, where the initial criminal and forfeiture actions occurred.[3] On October 3, 2005, Government

---

to one count of bank fraud and aiding and one count of conspiracy to commit bank fraud.

[2] Because Ezenwa proceeds *pro se*, the Court liberally construes his complaint, holding it to a less stringent standard than formal pleadings submitted by an attorney. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[3] Ezenwa alleges the United States seized and has not returned a list of items, including his and his wife's wedding rings, his military and graduation rings, two watches, a black leather jacket, shoes and an adult movie. He asserts the monetary value of these items is $15,000. In a related pleading, Government concedes this property was

2

sought dismissal of Ezenwa's claim, arguing this Court lacks subject matter jurisdiction.[4] Ezenwa did not respond to the motion.

## LAW AND ANALYSIS

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446, (1942); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, *Cloud v. United States*, 536 U.S. 960 (2002). Accordingly, the plaintiff must prove tha jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Further, a party's failure to respond to a motion generally is taken as a

---

not part of the October 1999 civil forfeiture.

[4] Because the only claim transferred to this Court involves the alleged $15,000 personal property, the Court declines to address Government's arguments in favor of dismissal of Ezenwa's other claims previously addressed by the Court of Federal Claims.

3

representation of no opposition. S.D. TEX. LOCAL R. 7.4.

Ezenwa has sought the return of his personal property pursuant to Federal Rule of Criminal Procedure 41(e), which provides:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

FED. R. CRIM. P. 41(e).[5] It should be noted that the claim before this Court is not one attacking the legality of an administrative forfeiture proceeding; Ezenwa is seeking the *return* of personal property allegedly seized but never forfeited or returned. *See Adeleke*, 355 F.3d at 151(recognizing federal courts' equitable jurisdiction to order the

---

[5] The most recent version of the rule is Rule 41(g), which did not substantively alter 41(e) and took effect in 2002. *See Adeleke v. United States*, 355 F.3d 144, 147 n.1 (2d Cir. 2004). It provides:"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and use it in later proceedings." FED. R. CRIM. P. 41(g). To avoid confusion, this Court refers to the rule by its present designation, 41(g). *See Adeleke*, 355 F.3d at 147 n.1.

return of property pursuant to Rule 41(g) even after the conclusion of criminal proceedings). Consequently, cases indicating that Ezenwa should have challenged the entire seizure, including the taking of his personal property, during the 1999 forfeiture proceeding are unpersuasive. *See, e.g.*, *United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir. 1990); *Castleberry v. Alcohol, Tobacco and Firearms*, 530 F.2d 672, 675 (5th Cir. 1976); *Pakistan Nat'l Shipping Corp. v. A Cargo of 2,733.82 M/T of Heavy Steel Scrap*, 159 F. Supp. 2d 942, 945-46 (S.D. Tex. 2001).[6]

Because Ezenwa was criminally prosecuted in the Southern District of Texas, this Court has ancillary jurisdiction to hear this post-conviction motion for the return of seized property. *See Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992). "A district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987); *see also Richey v. Smith*, 515 F.2d 1239, 1245 (5th Cir. 1975)(holding that district court had equitable jurisdiction even before criminal proceedings were initiated to determine if taxpayers

---

[6] In both *Hernandez* and *Pakistan National Shipping*, the plaintiffs challenged the government's administrative forfeiture of property based on inadequate notice. Here, however, Ezenwa merely seeks the return of property that was never part of forfeiture proceedings. *Castleberry* involved a question of whether the government was unreasonably delaying the commencement of forfeiture proceedings, where plaintiffs would be able to challenge the legality of an automobile seizure. Again, the claim before this Court is not a challenge to the seizure's legality but rather a request by Ezenwa that property allegedly taken from him more than seven years ago be returned to him.

were entitled to obtain records seized from them). Accordingly, this Court has subject matter jurisdiction to consider Ezenwa's equitable claim for the return of his personal property.

The Court notes that Government has offered no information about the property allegedly seized from Ezenwa; in fact, the disposition of this property–or whether it even was seized at the time Ezenwa alleges–is unknown. Thus, a finding of whether Government actually retains possession of Ezenwa's property and whether Ezenwa is entitled to its return is a "necessary predicate" to the resolution of this suit. *See Mora*, 955 F.2d at 158-59; *Carter v. United States*, 62 Ct. Fed. Cl. 365, 369-70 (2004)(noting that a claimant who is seeking the return of personal property must obtain a determination in district court that he is entitled to its return); *see generally Armendariz-Mata v. United States Dept. of Justice, Drug Enforcement Admin.*, 82 F.3d 679, 682 (5th Cir. 1996)(property had been destroyed and therefore could not be returned); *Pena*, 157 F.3d at 985 (same); *Gil v. United States*, 135 F. App'x. 460, 461 (2d Cir. 2003)(property had been destroyed in World Trade Center attacks and could not be returned). The Court must receive evidence on this factual issue–the status of Ezenwa's personal property–before deciding this case. Accordingly, Government's motion to dismiss Ezenwa's equitable claim for the return of personal property must be denied.

The Court must next consider whether it has subject matter jurisdiction over

Ezenwa's claim for the monetary value of his property in the event the Government shows that it is unable to return the items allegedly seized. In this case, Ezenwa has brought suit against the federal government itself. Consequently, the Court must consider what impact, if any, that sovereign immunity has on his claim for the monetary value of his personal property. *See Lane v. Pena*, 518 U.S. 187, 196 (1996) (noting that where the federal government is sued, sovereign immunity must be waived before any monetary relief is available).

Sovereign immunity shields the federal government from suit unless immunity has been waived. *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). Such a waiver must be "unequivocally expressed in statutory text and will not be implied." *Id*. (noting that statutes should be strictly construed against waiver); *see also United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 37 (1992); *United States v. Williams*, 514 U.S. 527, 531 (1995). The Fifth Circuit determined that Rule 41 does not expressly allow for monetary damages and declined to "read into the statute" any waiver of sovereign immunity. *Pena*, 157 F.3d at 986; *see accord Adeleke*, 355 F.3d at 147. Therefore, this Court lacks subject matter jurisdiction to order that the Government pay Ezenwa the monetary value of his personal property should it be shown that

7

Government had the property and, for some reason, it cannot be returned.[7] Accordingly, Ezenwa's equitable claim for the monetary value of his personal property is dismissed for lack of subject matter jurisdiction.

The Court continues its analysis, however, by considering Government's argument that Ezenwa's only remedy is a suit for damages based on the failure of law enforcement officers to return the property allegedly taken from him. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court held that a plaintiff could bring suit seeking monetary damages from the Federal Bureau of Narcotics to vindicate a deprivation of that plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. *Id.*; *see also Pena*, 157 F.3d at 987. However, Government contends a *Bivens* claim in the instant case would be barred by a two-year statute of limitations.[8]

In *Pena*, the Fifth Circuit gave a *pro se* plaintiff the opportunity to amend his pleadings, relating them back to his initial complaint, in order for him to state a *Bivens*

---

[7] Case law indicates that if this Court determines that Ezenwa's property was seized by Government as part of a criminal investigation and never forfeited or returned, he may pursue a takings claim in the Court of Federal Claims. *Carter*, 62 Fed. Cl. at 369. However, his initial suit in claims court was premature, as Ezenwa must first obtain a decision from this Court that entitles him to assert a takings claim. *Id*.

[8] Government argues federal courts apply states' personal injury statutes of limitations to *Bivens* suits. *See Pena*, 157 F.3d at 987. Accordingly, Ezenwa's claim would have a two-year statute of limitations. *Id.*

complaint and avoid the statute of limitations. *Pena*, 157 F.3d at 987; *see also* FED. R. CIV. P. 15(c)(2). Affording Ezenwa the same opportunity to amend his complaint in order for it to relate back to his initial pleading is of no avail in the case at bar. The Court agrees that Ezenwa's claim for damages under *Bivens* began accruing on May 20, 1998, when he filed his answer in the civil forfeiture case and did not name these items of personal property. Consequently, Ezenwa would had to have filed the instant case no later than May 20, 2000 in order to assert a *Bivens* claim. Because he filed the instant suit seeking return of his personal property on May 29, 2001, a Bivens claim would still be time barred. Thus, the only viable claim Ezenwa has in this Court concerns whether the Government in fact seized this personal property and whether he is entitled to its return. Accordingly, the Court hereby

ORDERS that Government's Motion to Dismiss (Instrument No. 43) is GRANTED IN PART and DENIED IN PART. Dismissal is GRANTED as to Ezenwa's claim for recovery of the monetary value of any personal property seized. However, because the Court determines it has jurisdiction to consider Ezenwa's equitable claim for the return of this personal property and factual issues exist as to the disposition of this property, the motion is DENIED as it pertains to Ezenwa's equitable claim seeking the return of the personal property.

SIGNED at Houston, Texas, on this 6th day of December, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge