IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAXWELL C. EZENWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-04-3379 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On February 23, 2006, the Court conducted a non-jury trial on the above-referenced matter.  The Court has reviewed the evidence, the post-trial submissions of the parties, and the applicable law.  The Court now enters the following findings of fact and conclusions of law.  Any finding of fact that should be construed as a conclusion of law is hereby adopted as such.  Any conclusion of law that should be construed as a finding of fact is hereby adopted as such.

### Findings of Fact

1.    Plaintiff Maxwell C. Ezenwa ("Ezenwa") was arrested for possession of heroin by the North Fulton County Drug Task Force in Atlanta, Georgia on March 7, 1997, after a confidential informant reported that Ezenwa was traveling from Galveston, Texas, to Atlanta.

2.    Ezenwa remained in custody in Atlanta until October 1997.

3.   Ezenwa's wife, who was with him in Atlanta, also was arrested and remained in custody for about two and a half weeks.

4.   At the time of their arrest, Ezenwa and his wife lived at 100 Market Street, Apartment No. 29 in Galveston.  They were the only two residents of the apartment.

5.   On March 12, 1997, Richard Delaney ("Delaney"), Corbin Slack ("Slack") and James Miller ("Miller") executed a search warrant at Ezenwa's Galveston apartment.[1]  At that time, Delaney was a detective with the Texas City Police Department and a member of a local drug task force.  Slack and Miller were agents with the United States Drug Enforcement Administration ("DEA") and worked out of the DEA's Galveston office.

6.   The search warrant was part of an ongoing investigation into the possible sale of heroin by Ezenwa.

7.   An apartment manager provided the officers with a key to Ezenwa's apartment.

8.   Other than the officers, no one was at the apartment at the time of the search.

9.   During their search of Ezenwa's residence, the officers seized the following:

   a.   One box containing miscellaneous papers and documents;

_____

[1]  The Court will refer to Delaney, Slack and Miller collectively as the officers unless otherwise specified.

2

b.      Three briefcases containing miscellaneous papers and documents; and

c.      one Compaq computer central processing unit.

10.   The officers locked Ezenwa's apartment after the search.

11.   After searching Ezenwa's apartment, the officers proceeded to Ezenwa's office, which was located at 6000 Broadway No. 105 in Galveston.  At the time of the search, Ezenwa was a parole officer for the Texas Department of Criminal Justice.

12.   The officers did not have a warrant to search Ezenwa's office, but his supervisor consented to the search.

13.   The officers seized one box of miscellaneous papers and documents and one electronic organizer from Ezenwa's office.

14.   On March 17, 1997, the officers documented the only items they seized in an investigation report.

15.   The items seized from Ezenwa's apartment and office were placed in an evidence vault.

16.   Slack was the custodian of all items seized from Ezenwa.

17.   All of the items seized from Ezenwa on March 12, 1997, which include the papers, documents, briefcases, computer and electronic organizer, were transferred to the United States Secret Service ("Secret Service") on January 28,

3

1998.

18.     Kevin Vermillion ("Vermillion"), a Secret Service agent, requested the items as part of a bank fraud investigation.

19.     In August 1998, the Secret Service returned the briefcases, documents, papers and computer to Ezenwa.

20.     Ezenwa was indicted and subsequently pleaded guilty to bank fraud and conspiracy to commit bank fraud.

21.     Ezenwa received a thirty-month prison sentence.

22.     In addition to the prison sentence, Ezenwa forfeited to the United States $24,000 in three bank accounts.

23.     On May 29, 2001, Ezenwa, who proceeds *pro se*, filed the instant action against the United States seeking, *inter alia*, the return of certain items of personal property.

24.     His lawsuit initially was filed in the United States Court of Federal Claims.

25.     The Federal Claims Court dismissed most of Ezenwa's claims, but on August 25, 2004, transferred the only remaining claim–the return of Ezenwa's personal property or, alternatively, its monetary value–back to the Southern District of Texas, where the initial criminal and forfeiture actions occurred.

26.     On December 6, 2005, this Court dismissed for lack of subject matter

4

jurisdiction Ezenwa's claim for the monetary value of the property in the event the Court determined the property had in fact been seized based on principles of sovereign immunity.

27.    The officers denied taking any of the personal property items alleged by Ezenwa or any items not listed in the evidence log or their investigation report.

28.    The items seized that are listed in the evidence logs all has previously been returned to Ezenwa.

29.    In examining whether Ezenwa is entitled to the return of certain items of personal property, the Court makes the following determinations

    a.    At trial in the captioned matter on February 23, 2006, Ezenwa testified that the officers took the following personal property from his apartment:

        1)    Two wedding rings;

        2)    One graduation ring;

        3)    One military ring;

        4)    Two watches;

        5)    One black leather jacket;

        6)    One pair of shoes;

        7)    An unspecified number of diaries and family letters; and

        8)    *Too Hot To Touch*, an adult movie.

b.      Other than his testimony, Ezenwa offered no proof of his ownership or possession of these items.

c.      According to his trial testimony, Ezenwa's claim is based solely on the fact that his wife told him that when she returned to the apartment after being released from jail some two weeks later, the items were missing.

d.      Ezenwa testified these items were never forfeited or returned to him.

e.      Ezenwa admitted he was not present during the March 12, 1997 search.

f.      The officers who conducted the search seized one box of miscellaneous papers and documents, three briefcases containing miscellaneous papers and one Compaq central processing unit from Ezenwa's apartment, as evidenced by the trial testimony of Delaney, Slack and Miller and Delaney's Report of Investigation.

g.      Those items listed in the investigation report are the only items the officers seized from Ezenwa's apartment.

h.      Ezenwa failed to show that the officers took the items of personal property he seeks to recoup, including the wedding, graduation and military rings, two watches, black leather jacket, pair of shoes, diaries and family letters, or an adult movie.

i.      The officers did not take the personal property Ezenwa alleges during

the March 12, 1997, search.

    j.    The items listed in 29(f) were then transferred to Vermillion, who stored them in the Secret Service's Houston office vault.

    k.    The property listed in 29(f) was returned to Ezenwa on August 18, 1998.

    l.    Ezenwa's signature appears on the return receipt for the property in 29(f).

## Conclusions of Law

1.    The Court has equitable jurisdiction over this suit pursuant to 28 U.S.C. § 1331. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).

2.    Venue is proper because the search was conducted in Ezenwa's Galveston apartment, which is in the Southern District of Texas.

3.    Ezenwa asserts a claim under Federal Rule of Civil Procedure 41(e), seeking the return of property he alleges was seized by the United States and never judicially or administratively forfeited or returned.[2]

4.    Federal Rule 41(g) provides:

---

[2]In 2002, Rule 41(e) was amended and relettered Federal Rule of Criminal Procedure 41(g).  *See United States v. In re Search of Law Office, Residence, and Storage Unit Alan Brown*, 341 F.3d 404, 408 (5th Cir. 2003); *Adeleke v. United States*, 355 F.3d 144, 147 n.1 (2d Cir. 2004).  However, the changes were stylistic and not substantive. *See Rodriguez-Aguirre*, 414 F.3d 1177, 1179 n. 1 (10th Cir. 2005).  To avoid confusion, the Court will refer to the rule by its present designation, Rule 41(g).

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. PRO. 41(g).

5.      Because he was criminally prosecuted in the Southern District of Texas and there are no criminal proceedings pending against Ezenwa, this Court has ancillary jurisdiction to consider this post-conviction motion.  *See Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992); *United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987).

6.      In a Rule 41(g) claim, the Court sits in equity.  *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).  In the instant case, the only issue pending before the Court is the determination of whether the Government took possession of the property and, if so, the property's subsequent disposition.[3]

7.      A Rule 41(g) motion is civil in nature, and not a criminal action.  *See United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999).

8.      Because it is a civil proceeding, the applicable evidentiary standard is

---

[3]  Should Ezenwa obtain such a declaration, he may pursue a takings claim in the Court of Federal Claims.  *Carter v. United States*, 62 Fed. Cl. 365, 369-70 (2004).

preponderance of the evidence. *United States v. Jones*, No. Crim. A. 98-207, 2004 WL 2784974, at *2 (E.D. La. Nov. 30, 2004); *United States v. Kelly,* 872 F. Supp. 556, 559 (N.D. Ind. 1994); *United States v. United States Currency Amounting to the Sum of $20,294.00 More or Less*, 495 F. Supp. 147, 150 (E. D. N.Y. 1980).

9.   Ezenwa must establish a prima facie case that he is lawfully is entitled to the property. *See Howell*, 425 F.3d at 976; *Jones*, 2004 WL 2784974, at *3.

10.  A plaintiff may make such a showing upon proof that he or she had a possessory interest in the property seized by the government. *Howell*, 425 F.3d at 976. Stated another way, "[t]he movant can establish this prima facie case through a showing that the property was taken from his possession." *United States v. Mettetal*, No. CR.A. 3:96CR30034-00, 2003 WL 21738300, at *2 (W.D.Va. July 21, 2003).

11.  Ezenwa is aided by a presumption that after criminal proceedings have concluded, "the person from whom the property was allegedly taken has a right to its return." *Santos v. United States*, No. 04 Civ. 9716 (JFK), S4 99 CR. 73 (JFK), 2005 WL 637427, at * 1 (S.D.N.Y. March 17, 2005); *see also Jones*, 2004 WL 2784974, at *3 (quoting *Kelly*, 872 F. Supp. at 560).

12.  There is no dispute that Ezenwa would be lawfully entitled to such property if

the items were in fact taken from his apartment during the search and never forfeited or returned.

13.   However, there is no credible evidence that the United States has ever held or confiscated these items of personal property. *See Matthews v. United States*, 917 F. Supp. 1090, 1103-04 (E.D.Va. 1996) (no evidence that the government seized the items and simply failed to document their seizure). Rather, the only evidence of the items' existence is Ezenwa's insufficient assertion that they were at one time in his apartment but were not there when his wife returned some two weeks after the search. *See id*.

14.   Accordingly, this Court cannot require the United States to turn over items without proof they were ever taken. *See Almon v. United States*, 302 F. Supp. 2d 575, 593 (D.S.C. 2004).

15.   Assuming arguendo that Ezenwa had established a prima facie case that he is entitled to the items of personal property that are the subject of this suit, the Court continues its analysis.

16.   The burden shifts to the United States to show that "it has a legitimate reason for retaining the property or that it never had the property." *Santos*, 2005 WL 637427, at *1. Moreover, if the Government has the property, it must establish that "whatever interest it asserts overwhelms [Ezenwa's] interest." *Kelly*, 872

10

F. Supp. at 560.

17. The Court must determine whether the United States has sufficiently established its contention that the officers conducting the search did not take the personal property Ezenwa alleges were removed from his apartment.

18. Based on the facts proven at trial, the United States has demonstrated by a preponderance of the evidence that its officers did not take the items of personal property that Ezenwa is seeking, including wedding rings, a graduation ring, a military ring, one black leather jacket, a pair of shoes, an unspecified number of diaries and family letters, and an adult movie.  It never had these items in its possession.

### Conclusion

According, the Court hereby determines

1. Ezenwa did not prove by a preponderance of the evidence he is entitled to the items of personal property that are the subject of this suit.

2. The United States has demonstrated by a preponderance of the evidence that the officers who searched Ezenwa's apartment did not take the items of personal property Ezenwa seeks.

3. Accordingly, Plaintiff shall take nothing from Defendant.

SIGNED at Houston, Texas, on this 16th day of March, 2006.


_____

DAVID HITTNER

United States District Judge